IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-20061 |
| ) | |
| CHRISTOPHER L. ASBURY, ) | |
| ) | |
| Defendant. ) | |

**INFORMATION CONCERNING PRIOR CONVICTION**

Pursuant to 21 U.S.C. § 851, the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Rachel E. Ritzer, Assistant United States Attorney, respectfully notifies the Court that it intends to rely on the following prior conviction of the defendant as a basis for an increased punishment in this case.

Count 1 of the Indictment charges Possession of 50 Grams or More of Methamphetamine (Actual) with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii). Prior to the filing of this Indictment, the defendant was convicted of the following serious felony drug offense:

1.  On or about April 22, 2014, the defendant was convicted in Coles County (Illinois) Circuit Court case number 11-CF-454 of the offense of Attempted Manufacture/ Delivery of a Controlled Substance (Methamphetamine). This offense is a serious drug felony offense as defined in 21 U.S.C. § 802(57). This offense was punishable by a maximum term of imprisonment of at least ten years. As a result of this conviction and a subsequent violation of probation terms, the defendant served a term of imprisonment at Illinois Department of Corrections facilities in excess of 12 months and was released from that imprisonment within fifteen years of the commencement of the offense alleged in Count 1 of the Indictment.

Accordingly, the United States gives notice, pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851, that, with one final prior conviction for a serious prior drug felony, upon a conviction of Count 1 of the Indictment, the defendant shall be sentenced to a term of imprisonment of not less than 15 years to not more than life; a fine not to exceed $20,000,000.00; a term of supervised release of at least ten (10) years following imprisonment; and a mandatory $100 special assessment.

Pursuant to 21 U.S.C. § 851(b), any challenge to a prior conviction that is not made before sentence is imposed may not thereafter be raised to attack the sentence. Pursuant to 21 U.S.C. § 851(c), if the defendant denies any allegation of this information of prior conviction or claims that any conviction alleged is invalid, he should file a written response to the information.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*s/ Rachel E. Ritzer*
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  (217) 373-5875
Fax:  (217) 373-5891

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Rachel E. Ritzer*
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  (217) 373-5875
Fax:  (217) 373-5891
rachel.ritzer@usdoj.gov
